IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY VAUGHN,   No. CIV S-09-3023-CMK-P

    Plaintiff,

  vs.   ORDER

KATHLEEN L. DICKINSON, et al.,

    Defendants.

/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 9).[1]

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover,

---

[1] The amended complaint was filed in response to the court's May 7, 2010, order directing plaintiff to show cause why the original complaint should not be dismissed. Given that plaintiff has filed an amended complaint, the order to show cause addressed to the original complaint is discharged.

1

the Federal Rules of Civil Procedure require that complaints contain a "... short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

As with the original complaint, plaintiff names the following as defendants – Dickinson and Olmstead who are the prison warden and associate warden, respectively. Plaintiff also now names for the first time the following additional defendants: Aguilera, Brock, Lewis, and Vandermey, who also appear to be supervisory personnel. Plaintiff claims that, on March 12, 2009, he brought to the warden's attention a problem with his cell. Specifically, he claimed that his bed was too low, causing severe back pain. Plaintiff states that the beds "are such that an inmate must sit hunched over." Plaintiff states that he made his claim to supervisory personnel through the grievance process. Without stating how, he also claims: "All the above mentioned defendants through their individual official actions have violated plaintiff's constitutional rights." He adds: "All defendants were made aware of plaintiff's complaint but failed to act accordingly and efficiently."

As plaintiff has been previously informed, supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory

defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

Here, plaintiff's theory against the named defendants is that they were apparently made aware of his concerns via the prison grievance process and failed to act. Because the Supreme Court has rejected supervisory liability on such a theory, instead requiring actual participation, plaintiff cannot sustain his claim against the named supervisory defendants. As to the remaining defendants, who also appear to be supervisory personnel, plaintiff has not alleged how they were involved in the alleged constitutional violation. It is insufficient to say in a conclusory fashion that defendants are liable without saying specifically what it is the defendant did to violate plaintiff's rights. Again, the Supreme Court has rejected the theory that liability can be based on knowledge of a possible violation and failure to act on that knowledge. Plaintiff must set forth specifically what each named defendant affirmatively did to cause or contribute to a constitutional violation and plaintiff continues to fail to do so.

/ / /
/ / /
/ / /
/ / /
/ / /

1  Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

IT IS SO ORDERED.


DATED:  November 9, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE