IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY VAUGHN,                           No. CIV S-09-3023-CMK-P

    Plaintiff,

  vs.                                             ORDER

KATHLEEN L. DICKINSON, et al.,

    Defendants.

                               /

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's second amended complaint (Doc. 16).

        This is plaintiff's third attempt to state a claim. As to the original complaint, the court stated:

> Plaintiff names the following as defendants – Dickinson, Olmstead, and the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Dickinson and Olmstead are the prison warden and associate warden, respectively. Plaintiff claims that, on March 12, 2009, he brought to the warden's attention a problem with his cell. Specifically, he claimed that his bed was too low, causing severe back pain. Plaintiff states that the beds "are such that an inmate must sit hunch

1

over." As revealed by documents attached to plaintiff's complaint, the named supervisory defendants were purportedly made aware of plaintiff's complaint via the prison grievance process.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

Here, plaintiff's theory against the named defendants is that they were made aware of his concerns via the prison grievance process and failed to act. Because the Supreme Court has rejected supervisory liability on such a theory, instead requiring actual participation, plaintiff cannot sustain his claim against the named defendants.

As to plaintiff's first amended complaint, the court stated:

As with the original complaint, plaintiff names the following as defendants – Dickinson and Olmstead who are the prison warden and associate warden, respectively. Plaintiff also now names for the first time the following additional defendants: Aguilera, Brock, Lewis, and Vandermey, who also appear to be supervisory personnel. Plaintiff claims that, on March 12, 2009, he brought to the warden's attention a problem with his cell. Specifically, he claimed that his bed was too low, causing severe back pain. Plaintiff states that the beds "are such that an inmate must sit hunched over." Plaintiff states that he made his claim to supervisory personnel through the grievance process. Without stating how, he also claims: "All the above mentioned defendants through their individual official actions have violated plaintiff's constitutional rights." He adds: "All defendants were made aware of plaintiff's complaint but failed to act accordingly and efficiently."

As plaintiff has been previously informed, supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if

the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

Here, plaintiff's theory against the named defendants is that they were apparently made aware of his concerns via the prison grievance process and failed to act. Because the Supreme Court has rejected supervisory liability on such a theory, instead requiring actual participation, plaintiff cannot sustain his claim against the named supervisory defendants. As to the remaining defendants, who also appear to be supervisory personnel, plaintiff has not alleged how they were involved in the alleged constitutional violation. It is insufficient to say in a conclusory fashion that defendants are liable without saying specifically what it is the defendant did to violate plaintiff's rights. Again, the Supreme Court has rejected the theory that liability can be based on knowledge of a possible violation and failure to act on that knowledge. Plaintiff must set forth specifically what each named defendant affirmatively did to cause or contribute to a constitutional violation and plaintiff continues to fail to do so.

In the instant second amended complaint, plaintiff alleges:

> On March 12, 2009, the plaintiff brought to the Warden's attention that he was having a problem with his bed. The top bunk is too low, which causes plaintiff severe back and neck pain because he is forced to sit hunched over, instead of being able to sit directly straight up so as to relieve his back and neck from unnecessary strain, stress, and pressure. He also requires a wheelchair and a cane to get around. . . .

Plaintiff further states that he "also brought these facts to the following defendant's who also failed to assist plaintiff in resolving his complaint: Liz Olmstead, Associate Warden, Nicolas Aquilera, CMO [Chief Medical Officer], Greg Brock, Chief Engineer, CMF, D.B. Lewis, CCII, Sean Vandermey, Correctional Plant Manager II." Plaintiff alleges that these defendants were made aware of his claim via the prison grievance process.

It is clear that plaintiff seeks recovery based on the theory that the named supervisory defendants were aware of alleged constitutional violations but failed to act. As plaintiff has been repeatedly informed, such a theory of liability has been rejected by the Supreme Court. Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint further, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). This action is dismissed for failure to state a claim upon which relief can be granted. The Clerk of the Court is directed to enter judgment accordingly and close this file.

IT IS SO ORDERED.

DATED: January 19, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE