IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY VAUGHN,  No. CIV S-09-3023-CMK-P

    Plaintiff,

  vs.  ORDER

KATHLEEN L. DICKINSON, et al.,

    Defendants.

_____/

    Plaintiff, a prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party had been served or appeared in the action. Final judgment was entered on January 20, 2011. Pending before the court is plaintiff's motion for reconsideration (Doc. 19).

    The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later

1

than ten days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

/ / /

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 10-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 10-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

Construing plaintiff's motion as a Rule 59(e) motion, it is untimely. Final judgment was entered on January 20, 2011. Giving plaintiff the benefit of the earliest possible filing date – the date he signed the motion for reconsideration on February 6, 2011 – plaintiff's motion was filed more than ten days after entry of judgment.

Construing plaintiff's motion as a Rule 60 motion, the court finds no grounds for relief. The basis of plaintiff's motion is his belief that he is entitled to review by a District Judge before entry of final judgment. In particular, plaintiff complains that he was not provided an opportunity to object to the court's final order before judgment was entered. First, the court would have plaintiff note that, on November 13, 2009, he filed a form indicating his consent to Magistrate Judge jurisdiction, including entry of final judgment (see Doc. 7). Second, a review of the docket reflects that plaintiff had more than ample opportunity to address the reasons for dismissal outlined in the court's final order. The final order of dismissal was issued after plaintiff had been provided an opportunity amend his complaint twice. Finally, the court finds no basis in law or fact to reconsider its final judgment.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (Doc. 19) is denied.

DATED: February 23, 2011

                                             **CRAIG M. KELLISON**
                                             UNITED STATES MAGISTRATE JUDGE